


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES M. MITCHELL, III, on his own behalf and on behalf of all other shareholders of FHM Enterprises, Inc., | ) | |
| Plaintiff, | ) | |
| | ) | 2:05-CV-0844-LSC |
| v. | ) | |
| LINDA M. HARTMAN, et al., | ) | |
| Defendants. | ) | |

MEMORANDUM OF OPINION

The Court has for consideration a motion for summary judgment filed by the plaintiff, James M. Mitchell, III. (Doc. 63.) On May 14, 2008, the magistrate recommended that the plaintiff's motion be granted in part and denied in part. (Doc. 81.) As to Count One of the Amended Complaint, the magistrate determined that, as a matter of law, Ms. Hartman breached the fiduciary duties she owed to FHM. The magistrate found that the amount and extent of damages from this conduct remained to be determined by a jury. As to Count Two, the magistrate determined that summary judgment was due to be denied. An objection to this recommendation was filed.

Having carefully reviewed and considered *de novo* all the materials in the Court file, including the report and recommendation, and the objection thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED, except as follows:

With regard to the second count of the Amended Complaint, this Court issued a show cause order that required the plaintiff to appear in writing and show cause why summary judgment should not be granted to the defendants. (Doc. 85.) The show cause order was entered because Plaintiff's trademark claim under 15 U.S.C. § 1120 ("§ 1120"), stated in Count Two, is currently the basis of federal jurisdiction in this case, and the magistrate determined Plaintiff: had not proffered *any* evidence that defendant Linda Hartman "intentionally registered her own name with knowledge that it was owned by another company"; had not cited any case law showing that selling a good alone creates a trademark in favor of FHM; and has "shown no damage as a result of [Hartman's] filing for the mark." (Doc. 81 at 17.) This Court cautioned the plaintiff that he should, at a minimum, cite to the specific portions of the evidentiary record he maintains support his claim. In response to the show cause order, Plaintiff

does cite to any portion of the evidentiary record. And, the Court agrees with the defendants that Plaintiff has not proffered sufficient evidence of fraud and other elements of his § 1120 claim. Therefore, summary judgment will be granted to the defendants with regard to Count Two of the Amended Complaint.[1]

Dismissal of Plaintiff's federal trademark claim allows this Court to decline to exercise jurisdiction over the remaining state law cause of action. However, Plaintiff argues that FHM Enterprises, Inc. ("FHM"), was inappropriately realigned as a party defendant. Citing *Duffey v. Wheeler*, 820 F.2d 1161 (11th Cir. 1987), as support for his contention, Plaintiff maintains that when FHM is properly named a plaintiff in this action, diversity jurisdiction is preserved regardless of the outcome of his federal trademark claim.[2]

---

[1]In response to this Court's show cause order, Plaintiff also asserts for the first time that he has a separate cause of action under 15 U.S.C. § 1119. (*See, e.g.*, Doc. 64 at 2 ("The complaint asserts two derivative claims against Ms. Hartman: (1) a claim for breach of her fiduciary duties to FHM and (2) a claim alleging fraudulent procurement of a trademark registration in violation of 15 U.S.C. § 1120.").) Without sufficient evidence to support his claim under § 1120, no action involving a registered mark remains before this Court and relief is not available under § 1119.

[2]Defendants argue that Plaintiff did not make a timely Rule 72(a) objection on this issue. Federal Rule of Civil Procedure 72(a) provides:

In *Duffey*, the Eleventh Circuit held that "in *all* [shareholder derivative actions] except those in which a corporation is *actually controlled* by management antagonistic to the plaintiffs[,] the corporation is realigned as a party plaintiff." 820 F.2d at 1163 (emphasis added). Defendants have never established that Linda Hartman, an undisputed member of management, "actually controlled" FHM, such that the interests of the corporation would be antagonistic to Plaintiff's suit. In fact, the evidence shows that Linda Hartman and James Mitchell each held fifty percent of the shares of FHM and served as its only two directors. Absent cooperation, neither could act alone and exercise actual control. "Mere inaction, or inability to act on the part of the corporation, because of a deadlock

---

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to.

However, the magistrate's decision regarding alignment of the parties destroys or preserves diversity jurisdiction over Plaintiff's remaining state law claim. As such, it constitutes a dispositive ruling, which is reviewed *de novo*. *See U.S. Fidelity and Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1088 (6th Cir. 1992).

between those who control the corporation has not been found to be the equivalent of active antagonism." *Id.* at 1163. Antagonism by controlling management to Plaintiff's lawsuit has not been shown; therefore, FHM must be realigned as a party plaintiff. Realignment reestablishes diversity jurisdiction over Plaintiff's state law cause of action.

With regard to that state law cause of action—Count One of the Amended Complaint—the Court finds that when the evidence is viewed in the light most favorable to the non-movant, genuine issues of material fact exist as to both liability and damages. Therefore, summary judgment must be denied, and Plaintiff's state law claim that Linda Hartman breached her fiduciary duties will be weighed and determined at trial.

A separate order will be entered.

Done this 17th day of July 2008.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297